EDWARD K. HARDING *vs.* JAMES M. HAGAR.

*Commercial broker.*

To entitle a plaintiff to recover compensation for 'negotiating freights for the owner of vessels' within the meaning of the U. S. Statute of 1864, c. 173, § 179, cl. xiv,* it is incumbent upon him to prove that he was licensed as commercial broker.

ON EXCEPTIONS.

ASSUMPSIT to recover two and one-half per cent commissions for chartering two ships belonging to the defendant, of 889 and $756\frac{72}{100}$ tons respectively, to the U. S. government, in Dec. 1864, for the transportation of hay.

It appeared by the testimony of the plaintiff, among other things, that he agreed with the defendant to charter the entire capacity of his ships 'May Flower' and 'Ida Lilly,' to transport hay for the quartermaster's department, and the defendant agreed to give him 2½ per cent commissions; that that was a fair and the usual commission; that the plaintiff had chartered twenty-five vessels for the government at that rate; and that the vessels were in the employ of the government,—one four months, and the other five months and ten days.

The view taken by the court renders a more extended report of the evidence unnecessary.

The defendant requested the presiding judge to instruct the jury, *inter alia,*

That an agreement to pay a commission by the defendant to the plaintiff for procuring charters from the government for the defendant's ships, is against public policy and cannot be enforced by the

---

*U. S. Statute of 1864, c. 179, § 73, cl. xiv. Commercial brokers shall pay twenty dollars. Any person or firm whose business it is, as a broker, to negotiate sales or purchases of goods, wares, or merchandise, or to negotiate freights and other business for the owners of vessels, or of the ship-owners or consignors or consignees of freight carried by vessels, shall be regarded a commercial broker.

court, and that if the plaintiff would recover compensation as a commission merchant or broker, it is incumbent upon him to prove that he was legally licensed to transact such business, that the burden is upon him to prove such license.

The judge declined to give either of said instructions, but did instruct the jury that if the defendant's ships were put into plaintiff's hands, and if plaintiff was in the regular business of brokerage, and in looking around in the exercise of his vocation, he honestly and without any wrong applied to the government, and procured a charter, he would be entitled to his compensation, just as he would if he had procured it from an individual.

The verdict was for the plaintiff, and the defendant alleged exceptions.

*Whitmore & Gilbert*, for the defendant.

KENT, J. It is not denied that the plaintiff was a commercial broker within the definition given in U. S. statute of 1864, c. 173, § 79, art. 14, as his business was 'to negotiate freight, and other business for the owners of vessels.' Such broker was required to pay twenty dollars for a license. By § 73 it is made a highly penal offense for any person, of whom a license is required, to do any act 'for the exercising, carrying on, or doing of such business, trade, or profession, without taking out such license.'

The plaintiff sues to recover payment for such acts. It is too well settled to require the citation of authorities; that no party can recover for acts or services done in direct contravention of an express statute, or for property so sold and delivered. When the case develops such forbidden acts, unless protected by a license or authority, it is incumbent on the plaintiff to show such license. 'Otherwise,' as stated by the defendant's counsel, in his brief, 'he comes into court avowing acts, which, done without a license, are prohibited, as the basis of his action, and recovers without proof of the fact necessary to make them lawful.' *State* v. *Whittier*, 21 Maine, 341; *State* v. *Crowell*, 25 Maine, 171; *State* v. *Churchill*,

25 Maine, 306; *Morgan* v. *Ruddock,* 1 Harr. & Wollaston (Eng. K. Bench), 505. *Exceptions sustained.*

*New trial granted.*

APPLETON, C. J.; WALTON, DICKERSON, BARROWS, and DAN-FORTH, JJ., concurred.